UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DION ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-92 HEA |
| ) | |
| ANN PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint of self-represented plaintiff Dion Armstrong (registration no. 1200850), an inmate at Missouri Eastern Correctional Center ("MECC") in Pacific, Missouri. The Court previously granted plaintiff *in forma pauperis* status and reviewed his original complaint under 28 U.S.C. § 1915. ECF No. 5. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his amended complaint would also be reviewed under 28 U.S.C. § 1915. Based upon a careful review of the amended complaint, the Court finds that this action should be dismissed for the reason that it is legally frivolous and/or fails to state a claim upon which relief can be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint and Amended Complaint**

On January 22, 2021, self-represented plaintiff Dion Armstrong filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff named nine Missouri Department of Corrections ("MDOC") employees as defendants in their official and individual capacities. Plaintiff alleged that his due process and equal protection rights were violated on May 23, 2020 when MDOC officials did not respond to his call after he pushed the emergency button located in his administratively segregated cell.

On February 18, 2021, the Court reviewed the complaint and found it to be deficient and subject to dismissal because plaintiff failed to plead specific facts establishing an actual link or connection between the nine named defendants and the alleged constitutional violations. ECF No. 5. The Court provided plaintiff with instructions for amending the complaint.

On March 15, 2021, plaintiff filed a timely amended complaint on a Court-provided form pursuant to 42 U.S.C. § 1983. ECF No. 6. In the amended complaint, plaintiff names two defendants: the MDOC and Correctional Officer Oaks in his official and individual capacity. Plaintiff identifies defendant Oaks as an employee of the MDOC assigned to the MECC's "5 House (The Hole)."

Plaintiff alleges that on May 23, 2020 he was housed alone in administrative segregation. Plaintiff states he "was feeling dizzy" because he "didn't have [] [air conditioning] or ice to cool [him]self down in the summertime." At approximately 8:15 to 8:30 p.m., plaintiff pushed the emergency call button in his cell. After pushing the button, plaintiff states the "dizziness overtook him and caused him to lose consciousness" and he hit his head on a metal door. Plaintiff alleges the MDOC and defendant Oaks were deliberately indifferent to his medical needs because Oaks "was in the bubble" and ignored his emergency call. Plaintiff states he subsequently woke up "with a huge knot on [his] head" and now suffers "from physical injury to his head[,] high blood pressure, and neck problems."

Attached to his complaint is Plaintiff's Informal Resolution Request ("IRR"), MECC Response, Grievance Appeal, and MECC Grievance Appeal Response. ECF No. 6-1. In plaintiff's original IRR, he wrote that at "9:13 p.m. [a] Code 16 was called for [him]" and when he regained consciousness he was surrounded by correctional officers and medical staff. *Id.* at 2, 4.

For relief, plaintiff seeks 25 million dollars in actual damages and 20 million dollars in punitive damages.

## Discussion

Having carefully reviewed the amended complaint, the Court concludes that plaintiff's claims against defendants MDOC and Correctional Officer Oaks must be dismissed. *See* 28 U.S.C. § 191(e)(2)(B).

**A. Claim against the Missouri Department of Corrections**

Plaintiff's amended complaint is legally frivolous against the MDOC because it cannot be sued under § 1983. The MDOC is a department of the State of Missouri and, as a result, a claim against the MDOC is treated the same as a claim against the State itself. Thus, plaintiff's claim fails for two reasons: (1) the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983, and (2) the State of Missouri is protected by the doctrine of sovereign immunity.

### *i. State is Not a 42 U.S.C. § 1983 "Person"*

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, plaintiff's claim against the MDOC is treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, his claim against the MDOC must be dismissed.

### *ii. Sovereign Immunity*

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart,* 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 62, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

In this case, plaintiff has named the MDOC. As noted above, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. No exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's claim against the MDOC must be dismissed.

**B. Official Capacity Claim against Defendant Correctional Officer Oaks**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against a sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Correctional Officer Oaks is alleged to be an employee of the MDOC. As such, the official capacity claim against him is actually a claim against the State of Missouri itself, which is the defendant's employer. However, as noted above, plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the State is not a "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). For these reasons, plaintiff's official capacity claim must be dismissed.

**C. Individual Capacity Claim against Defendant Correctional Officer Oaks**

In order to establish deliberate indifference to a serious medical need, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). To prevail under this standard, an inmate must demonstrate that a prison official's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

In this case, plaintiff alleges that on May 23, 2020 he felt dizzy due to a lack of air conditioning and ice. At approximately 8:15 to 8:30 p.m., plaintiff alleges he pushed the

emergency call button in his cell and subsequently the "dizziness overtook him and caused him to lose consciousness." Plaintiff alleges defendant Oaks was deliberately indifferent to his medical needs because Oaks "was in the bubble" and ignored his emergency call. As a result of the lack of response, plaintiff alleges he fell and hit his head on a metal door. Within the IRR attached to his complaint, plaintiff states that approximately one hour to forty-five minutes after he pressed the call button, a "Code 16" was called for him and when he regained consciousness he was surrounded by correctional officers and medical staff. *Id.* at 2, 4.

Plaintiff's allegations fail to allege a plausible deliberate indifference to a serious medical need claim. First, plaintiff does not allege he suffered from a serious medical condition that should have prompted an immediate response for medical intervention. Plaintiff does not allege any pre-existing serious medical conditions which prison officials should have been or were aware of. Plaintiff merely alleges that he utilized the emergency call button because he felt hot and dizzy from not having air conditioning or ice. *See Wilson v. Jefferson Cty.*, No. 4:18-CV-1957 CAS, 2019 WL 4860665, at *13 (E.D. Mo. Oct. 2, 2019) (a plaintiff must allege facts that "plausibly show plaintiff had an objectively serious medical need while in the jail" and that the prison official "was subjectively aware of plaintiff's serious medical need and acted with a mental state akin to criminal recklessness in disregarding it.").

Although plaintiff asserts defendant Oaks was in the bubble when he pressed the call button and Oaks should have promptly responded, "[t]hat type of inaction, however, does not suggest deliberate indifference. Failing to respond to a panic button despite having the duty to do so would amount to negligence at worse, but negligence does not violate the Constitution." *Cordrey v. Lamb*, No. 18-CV-107-SMY, 2018 WL 1427695, at *4 (S.D. Ill. Mar. 22, 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). Moreover,

plaintiff did not allege that the defendant Oaks intentionally ignored the call or even had the responsibility to respond to call buttons.

Moreover, after plaintiff fell unconscious in his cell, a "Code 16" was called for him at 9:13 p.m. and plaintiff admits that he woke up with medical staff surrounding him. The expediency of the medical attention provided to him is contrary to a claim for deliberate indifference. *See e.g., Porter v. Corr. Case Manager*, No. 4:20-CV-01034-SRC, 2021 WL 243563, at *13 (E.D. Mo. Jan. 25, 2021) ("With regard to the correctional staff's response, plaintiff vaguely states that he received 'no help,' yet also indicates that correctional staff did respond, just not in the matter that plaintiff desired. In any event, plaintiff's ambiguous declaration about receiving 'no help' is not enough to demonstrate deliberate indifference."); *Sanchez v. Cty. of Bonneville*, No. 1:17-CV-00166-DCN, 2018 WL 3747279, at *4 (D. Idaho Aug. 7, 2018) (no deliberate indifference claim because "although Jail staff did not respond to the first and second emergency calls, as soon as they discovered [inmate], they promptly cleaned him up and provided him with medical care.").

Thus, plaintiff's claim for deliberate indifference against defendant Oaks is legally frivolous and/or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 26th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE